# EXHIBIT A

**ICAN PROGRAM CONTRACT**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

**CONTRACT FOR PARTICIPATION**

**INCARCERATION AND CONVICTION ALTERNATIVES NETWORK ("ICAN")
POST-GUILTY PLEA DIVERSIONPROGRAM**

Name:                        Paula Lizette Bojorquez

Docket Number:        CR-25-00602-TUC-RM

Offense(s):              Making False Statements in Connection with Acquisition of a Firearm, a
felony offense, in violation of Title 18, United States Code, Sections
922(a)(6), 924(a)(2) & 2.

## INTRODUCTION

You are invited to participate in the Incarceration and Conviction Alternatives Network ("ICAN")
program of the District of Arizona. ICAN is a post-guilty plea diversion program. Participation is
entirely voluntary and will require you to enter guilty plea(s) to one or more of the criminal charges
currently pending against you in the case referenced above. The Court will make the final
determination as to whether to accept your guilty plea(s) and plea agreement before you can
participate in the ICAN program. If the Court approves your participation and you successfully
complete the ICAN program, then:

☐     **Track One**: the guilty plea(s) will be vacated, and the criminal charges against you in the
case referenced above will be dismissed with prejudice.

☒     **Track Two**: you will receive a sentence to a felony offense(s) that does not include a term
of imprisonment.

☐     **Track Three**: you will be sentenced to a misdemeanor offense that does not include a term
of imprisonment and any pending felony charges in the above referenced case will be
dismissed with prejudice.

## ICAN PROGRAM BASICS

The ICAN program will last at least one year with the possibility that it may be extended up to no
more than two years. Participants in the program will have their cases referred to the ICAN
Program Judicial Officer, before whom they will enter guilty pleas pursuant to plea agreements
with the United States Attorney's Office for the District of Arizona ("USAO"). If the ICAN
Program Judicial Officer accepts a Participant's guilty pleas and plea agreement, it will constitute
final approval for participation in the ICAN program.

2

Participation in the ICAN program will include a period of supervision by an ICAN Program Pretrial Services Officer ("ICAN PTSO"). Participants agree to participate in drug and alcohol evaluations and testing as well as mental health assessment and treatment. Each participant's substance abuse and mental health treatment needs will be continuously evaluated throughout the program. Treatment and counseling requirements may be increased or decreased during the program, depending upon the participant's needs. Treatment requirements may include inpatient treatment at a residential center. Participants must complete all treatment and counseling requirements to successfully complete the ICAN program. Participants must also participate in other recommended programs designed to address underlying causes of criminal activity. Participants are required to comply with all conditions of post-guilty plea diversion that may be required by the plea agreement and/or by the ICAN PTSO.

You will be assigned an Assistant Federal Public Defender ("AFPD") who is assigned to the ICAN program. An Assistant United States Attorney ("AUSA") will also be assigned to the ICAN program. Both the AFPD and AUSA will work with the ICAN PTSO to provide additional support and encouragement for your success in the ICAN program.

## ICAN PROGRAM APPEARANCES

The ICAN Program requires you to appear before the ICAN Program Judicial Officer to evaluate your progress. In Phase 1, you will be required to attend an ICAN Program meeting at least every two-weeks, as scheduled. If you perform well in the program, you may be transitioned to Phase 2, which will require you to attend an ICAN Program meeting at least once a month. As part of your participation, it is anticipated that you will arrange your employment schedule to permit you to attend the regularly held ICAN meetings. The ICAN team will work with you to ensure your treatment and/or other programming does not conflict with the regularly scheduled ICAN meetings. The ICAN PTSO, AFPD, and the AUSA will be present, as will treatment and/or other program providers. Progress reports from the ICAN PTSO will be provided to the Judicial Officer, the AFPD, and the AUSA. Those reports will describe both successes and challenges you have experienced.

## ICAN PROGRAM TREATMENT AND COUNSELING PROGRAMS

An important part of the ICAN program will be your participation in substance abuse and mental health treatment and counseling programs and/or other programs addressing underlying causes of criminal activity as determined necessary by the ICAN PTSO and the other members of the ICAN Team. Treatment and other program providers will be expected to share information regarding your participation and progress in any treatment and counseling programs with the members of the ICAN Program Team, including the ICAN Program Judicial Officer, ICAN PTSO, AFPD, AUSA, and any research partner evaluating the ICAN program. Treatment and other program providers may also be present at ICAN program appearances and will be expected to discuss your participation and progress with the ICAN team. To enable treatment and other program providers

3

to freely share information regarding your participation and progress in substance abuse treatment and counseling programs and other programs, you will be required to execute a waiver of confidentiality in the form attached as Attachment 1.

## LIMITED USE OF STATEMENTS MADE DURING PROGRAM APPEARANCES

Your complete candor during your ICAN program appearances is another important part of the program. To encourage your candor, the USAO has agreed as follows:

(A)    Except as otherwise provider in subparagraph (B) below, in any criminal prosecution that may be brought against you by the USAO, the USAO will not offer in evidence in its case-in-chief any statements you make or any documents or other information you provide during your ICAN program appearances (collectively, "ICAN program statements").

(B)    Notwithstanding the USAO's agreement set forth in subparagraph (A) above, the USAO may use:

(i)    information derived directly or indirectly from ICAN program statements for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used for any purpose, including any criminal prosecution of you; and

(ii)    ICAN program statements and all evidence obtained directly or indirectly from ICAN program statements for the purpose of cross-examination should you testify, or to refute or counter at any stage of any proceeding (including during the USAO's case-in-chief in any criminal prosecution) any evidence, argument, statement or representation offered by or on your behalf in connection with that proceeding.

The USAO's agreement in subparagraph (A) above is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. Moreover, the USAO's agreement in subparagraph (A) above is limited to ICAN program statements and does not apply to any statements made or documents or other information provided by you at any other time, whether oral, written, or recorded.

By agreeing to participate in the ICAN program, you agree to waive your right to have a court reporter present to transcribe ICAN program appearances, except for contested violation hearings or contested termination hearings.

## ICAN PROGRAM SUPERVISION VIOLATIONS AND SANCTIONS

ICAN program supervision violations and sanctions will be ordinarily handled on the regularly scheduled ICAN program calendar. However, the ICAN Program Judicial Officer can schedule an appearance at any time. Sanctions and modifications regarding treatment and other programs may also be handled on an expedited basis with the consent of the parties and the ICAN Program Judicial Officer.

If a progress report contains an allegation of noncompliance, you may choose to agree that the allegation is true and waive the traditional protections and procedures afforded to those on pre-trial supervision when they are accused of violating supervision. If you do so, there will be no hearing as to whether the allegation is true, and the ICAN Program Judicial Officer will decide whether an ICAN program sanction is appropriate. As noted above, noncompliance may be handled on an expedited basis outside the presence of the ICAN Program Judicial Officer if all parties agree.

Noncompliant behavior by you will result in sanctions. The range of possible sanctions has been drafted broadly to ensure that some level of sanction is available for every violation type.

Factors that will influence the type of sanction include the seriousness of the violation, the number of violations, and the amount of time you have remained compliant, either before a first violation or between violations. In addition, an important factor will be whether you voluntarily disclose the violation. Dishonesty on your part will result in enhanced sanctions. Depending on these factors, any of the sanctions listed below — including termination from the ICAN program — is available. Generally, more serious sanctions will be applied for repeated violations. Sanctions may include, but are not limited to:

- Judicial reprimand delivered during ICAN program proceedings in front of other ICAN program participants

- Order to attend and observe pre-determined ICAN program proceedings

- Order to submit written assignment (for example, write out an explanation for your non-compliant behavior and describe a plan to correct it, or write out a list of the special conditions of your post-guilty plea diversion and explain how you violated those conditions and how you plan to avoid similar violations in the future)

- Curfew restriction for up to 30 days

- Increase in frequency of progress hearing before the ICAN Program Judicial Officer

- Order to participate in community service as part of the ICAN program

- Enhanced drug testing

- Dropping back a phase in the ICAN program

☐    Order to complete a term of home confinement (with conditions that may include standard location monitoring at the discretion of Pretrial Services)

☐    Order to spend up to 6 days in jail per violation

☐    Termination from ICAN program

The above sanctions are not exhaustive, nor are they necessarily listed in order of severity. If appropriate, sanctions may be ordered more than once during the ICAN program.

If you admit to the violation, you may be able to complete the sanction and remain in the ICAN program. When expedited action is appropriate and the parties agree, a sanction or adjustment in treatment can be imposed through a modification without an appearance before the ICAN Program Judicial Officer. The ICAN PTSO's report at the next ICAN program appearance will inform the ICAN Program Judicial Officer whether you properly completed the sanction ordered at the last appearance. Failure to complete ordered sanctions may result in additional sanctions and/or termination from the ICAN program.

If you wish to contest the violation allegation, you may do so. However, the only permissible contested hearing in the ICAN program is a claim of actual innocence of the alleged violation. If you wish to have a contested hearing, the AFPD will assist you in contesting the violation allegation. The rules of criminal procedure and evidence attendant to any pretrial hearing will apply.  The ICAN Program Judicial Officer will ultimately decide whether the allegation should be sustained.

It is important to note that the ICAN PTSO need not wait until your scheduled program appearance to address a supervision problem. If you fail to abide by the ICAN PTSO's directions, or if the ICAN PTSO believes that you have committed other violations of your supervision, the ICAN PTSO will have discretion to contact you directly to address the violation; to arrive at a proposed method for addressing the violation through discussions with the ICAN Program Judicial Officer, AFPD, and/or AUSA; and/or to request the issuance by the ICAN Program Judicial Officer of a warrant for your arrest.

**TERMINATION FROM THE ICAN PROGRAM**

You may be involuntarily terminated from the ICAN program if you fail to participate in treatment or other programs or if you violate the terms of the ICAN program or your post-guilty plea diversion — including failure to make ICAN program court appearances, failure to participate actively in the ICAN program, repeated drug use, or a new law violation. Final decisions regarding involuntary termination will be made by the ICAN Program Judicial Officer. If you are involuntarily terminated from the ICAN program, you will return to regular pretrial supervision and your case will be set for sentencing before the ICAN Program Judicial Officer. If you are involuntarily terminated from the ICAN program, the ICAN Program Judicial Officer will

sentence you in accordance with the plea agreement's sentencing provision for unsuccessful completion of the ICAN program.

You may also at any time voluntarily discontinue your participation in the program and have your criminal case set for sentencing before the ICAN Program Judicial Officer. In such circumstances, the ICAN Program Judicial Officer shall sentence you in accordance with the plea agreement's sentencing provision for unsuccessful completion of the ICAN program.

Whether you are voluntarily or involuntarily terminated from the ICAN program, the ICAN Program Judicial Officer may consider your conduct while participating in the ICAN program when imposing a sentence including your successes, failures, and sanctions.

**GRADUATION AND BENEFITS**

Successful completion of the ICAN program will be determined by the ICAN Program Judicial Officer and the ICAN Team, subject to the minimum requirement that, if you are determined to have a substance abuse issue, you have demonstrated at least six months of continuous sobriety. Upon successful completion of the ICAN program, you will receive the benefits specified in your plea agreement.

**AGREEMENT TO PARTICIPATE**

Participant:

I, Paula Lizette Bojorquez, have read, or someone has read to me in the language I best understand, this Contract and the plea agreement that would be a condition of my participation in the ICAN program. I have discussed this Contract and the plea agreement with my attorney, and I understand its terms. I have also discussed with my attorney the ICAN program, and I understand that program. I voluntarily agree to participate in the ICAN program subject to the terms set forth in this Contract and the plea agreement. I understand I can revoke my voluntary participation in the ICAN program at any time. I also understand that, if I voluntarily revoke my participation or I am involuntarily terminated from the program, my criminal case will be set for sentencing before the ICAN Program Judicial Officer, without any obligation to provide me the benefits set forth in the plea agreement for successful completion of the ICAN program.

_____          3/10/26
Signature                         Date
Paula Lizette Bojorquez

7

Defense Counsel:

I, <u>Corrinna O. Molnar</u>, represent the above-named defendant/participant in this matter and have discussed the ICAN program, the plea agreement that would be a condition of participation in the ICAN program, and this Contract with the defendant/participant. I believe that the defendant/participant understands the ICAN program, the terms of the plea agreement that would be a condition of participation in the ICAN program, and the terms of this Contract, and that the defendant/participant's agreement to participate in the ICAN program subject to the terms of this Contract and the plea agreement that would be a condition of participation in the ICAN program is knowingly and voluntarily made.

_____     _3/10/26_____
Signature                                          Date
Corrinna O. Molnar, Esq.

ICAN Program Assistant United States Attorney:

I, <u>Nicole Savel</u>, the Assistant United States Attorney representing the United States Attorney's Office for the District of Arizona (the "USAO") in the ICAN program, agree to the terms of this Contract on behalf of the USAO and accept the above-named defendant/participant into the ICAN program subject to the terms of this Contract and the plea agreement that would be a condition of the defendant/participant's participation in the ICAN program.

_____     _3/10/26_____
Signature                                          Date
Nicole Savel

8

# ATTACHMENT 1

## AUTHORIZATION TO RELEASE CONFIDENTIAL INFORMATION INCARCERATION AND CONVICTION ALTERNATIVES NETWORK ("ICAN") SUBSTANCE ABUSE TREATMENT AND COUNSELING AND OTHER PROGRAMS

I,     Paula Lizette Bojorquez     , the undersigned, have voluntarily agreed to participate in the District of Arizona's Incarceration and Conviction Alternatives Network ("ICAN"). As part of my participation in ICAN, I hereby authorize any and all substance abuse treatment and counseling and other programs to which I may be referred as part of ICAN to release confidential information in their records, possession, or knowledge, of whatever nature may now exist or come to exist, to the following participants in ICAN: (a) the United States District Court for the District of Arizona; (b) United States Pretrial Services for the District of Arizona and any research partner working with the Pretrial Services to evaluate ICAN; (c) the Federal Public Defender's Office for the District of Arizona; and (d) the United States Attorney's Office for the District of Arizona (collectively, "the ICAN Team").

The confidential information I hereby authorize to be released to the ICAN Team will include, without limitation: date of entrance to program: attendance records; urine testing results; type, frequency, and effectiveness of therapy (including psychotherapy notes); general adjustment to program rules; type and dosage of medication; response to treatment; test results (psychological, vocational, etc.); date of and reason for withdrawal from program; and prognosis.

I understand that, subject to any exceptions to confidentiality that may apply under federal or state law, the ICAN Team may use the confidential information hereby authorized to be released only in connection with their evaluation of my participation and progress in ICAN and my compliance or non-compliance with the terms of my diversion, and their evaluation of the effectiveness of ICAN as a whole.

I understand that this authorization will remain valid until my termination from ICAN, whether successfully or unsuccessfully, at which time this authorization for disclosure of confidential information will expire. I understand, however, that confidential information disclosed pursuant to this authorization may subsequently be used by the United States District Court for the District of Arizona, United States Pretrial Services for the District of Arizona, and/or the United States Probation Office for the District of Arizona, to initiate or support an action alleging a violation of the terms of my diversion and/or to prepare a Presentence Report, make a recommendation regarding sentencing, and determine the appropriate sentence, as a result of which the information may no longer be deemed confidential and may no longer be protected by federal or state law.

I understand that I have the right to revoke this authorization to release confidential information, in writing, at any time by sending written notification to the United States Pretrial Services Officer assigned to supervise me in ICAN. I understand that if I revoke this authorization to release confidential information, I will thereby revoke my authorization for further disclosure of such information. I also understand that if I revoke this authorization to release confidential information before I complete ICAN, it may result in my termination from ICAN and may be considered a violation of ICAN's rules or of a condition of my diversion.

I have read this authorization to release confidential information, have discussed it with my attorney, understand its terms, and by signing below agree to it.

_____          3\10\26
Signature                                Date
Paula Lizette Bojorquez

I am the attorney representing the individual signing this authorization to release confidential information in connection with the ICAN program and have discussed the terms of the authorization with this individual. I believe this individual understands the terms of this authorization and that this individual's agreement to sign this authorization is knowingly and voluntarily made.

_____          3/10/26
Signature                                Date
Corrinna O. Molnar, Esq.

11